**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: <u>7:25-cr-1143-TMC</u> |
| vs. | |
| Charles Wright;<br>Amos Durham; and<br>Lawson B. Watson, | **ORDER** |

The Government filed a motion requesting the court order that the amended victim impact statement be partially redacted "to protect the personal privacy of two victim representatives" who signed the statement on behalf of Spartanburg County. (ECF No. 76). The motion indicates that Defendants Charles Wright, Amos Durham, and Lawson B. Watson consent to this request. *Id.* at 2. The Government contends that the signatories of the statement "remain members of the community affected, where the defendants served in public office for many years, and they have asked for this accommodation to protect their personal privacy." *Id.* The Government asks for the court to file a full version of the victim impact statement under seal and then file a redacted version on the public docket. *Id.* at 3.

A district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.2d 231, 235 (4th Cir. 1984). It is well established that the First Amendment right of access of the public "applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves." *In re Wash. Post Co.*, 807 F.2d 383, 390

1

(4th Cir. 1986); *see also United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020) (stating that the First Amendment right to access "applies to sentencings and plea hearings, as well as to the documents filed in connection with those proceedings").

However, the mere existence of that right does not necessitate unfettered access to hearings and related documents in every case. Instead, the court may seal a document or hearing, but only if "(1) closure serves a compelling interest; (2) there is a 'substantial probability' that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *In re Wash. Post*, 807 F.2d at 392, n.9 (setting forth this standard for closing hearings and then stating "[b]ecause we hold that the First Amendment right of access extends to documents as well as to hearings, requests for the sealing or unsealing of documents must also be evaluated under these constitutional tests"). "[B]efore a district court may seal any court document" it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight*, 743 F.2d at 235–36). Redaction of sensitive information in lieu of sealing an entire document is one such less drastic alternative to sealing when a compelling interest is at stake. *See United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (referring to a defendant's request to file a redacted version of his sentencing memorandum as a "less restrictive remedy" than sealing the document).

Here, the motion was filed on the public docket on June 5, 2026, (ECF No. 76), which provided notice of the request to redact. The motion indicates that all three defendants consent to the motion. *Id.* at 2. The court has not received any notice of any objection from any third party.

"Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation . . . may justify restricting access" to certain information on the public docket. *Harris*, 890 F.3d at 492 (collecting cases). While the victim identified in this case is Spartanburg County, a public entity, the court recognizes that it required individuals to endorse the victim impact statement on behalf of the victim, in their official capacities as duly authorized officials of the county. The names and positions of those individuals are indicated on the amended victim impact statement. Given the notoriety of this case and the polarized and emotionally-charged reactions of the public related to this case, the court agrees with the Government that the protection of the personal privacy of the victim representatives is a compelling interest and that such privacy interests would be harmed absent redaction. The court further finds that redaction of the representatives' individual identities and positions within Spartanburg County is the appropriate and least restrictive avenue for protecting such interests. Such redaction would protect the privacy of the individuals "without undermining any of the public interest in access to the judicial process, as such information is not material to understanding [the] case" or the County's request for restitution. *Harris*, 890 F.3d at 492. The proposed redaction does not take any substance away from the victim impact statement, which has already been available on the public docket in substantially similar form since May 5, 2026, when the court ordered that such statement be unsealed. (ECF No. 66).

Accordingly, by consent of the parties, the court **GRANTS** the motion to redact the names and positions of the victim representatives from the amended victim impact statement. The Government is hereby ordered to file a redacted version of the amended victim impact statement on the public record and an unredacted version of the same under seal within 5 days of the date of this order.

This order does not affect the right of any person to seek an unredacted version of the referenced document pursuant to state or local law.

**IT IS SO ORDERED.**

_s/ Timothy M. Cain_____
Chief United States District Judge

Anderson, South Carolina

June 10, 2026